JOSEPHINE PERSONENI, Respondent, *v.* CYRUS AQUINO, Defendant, and JOHN J. MCCLOSKEY, as Sheriff of the City of New York, Appellant.

First Department, May 20, 1958.

*Sidney Posner* of counsel (*A. G. Grayzel* with him on the brief), for appellant.

*Jacob D. Fishman* for respondent.

*Per Curiam.* The right of a sheriff to collect or receive poundage fees on an execution was nonexistent at common law and is strictly dependent upon the terms of the statute making provision therefor (*Campbell* v. *Cothran,* 56 N. Y. 279). Subdivision 7 of section 1558 of the Civil Practice Act accords the sheriff poundage upon moneys which have been collected by virtue of an execution. Where there has not been actual collection the sheriff may nevertheless be entitled to poundage upon the value of the property levied upon (1) where there has been a settlement or interference by the judgment creditor equivalent to collection which has prevented the sheriff from realizing on the execution (*Campbell* v. *Cothran, supra;* Civ. Prac. Act, § 1558, subd. 7);

or (2) where an execution has been " vacated or set aside " (Civ. Prac. Act, § 1558, subd. 19).

In this case there was no collection, and no action having been commenced within 120 days, as required by subdivision 7 of section 687-a of the Civil Practice Act, the levy became void by operation of law. The failure of the plaintiff to institute timely action did not constitute an act of interference, nor has the execution been " vacated or set aside " by the passage of time. Construing the statute strictly, as we must for it is in derogation of common law, we hold that while inaction may have rendered the execution ineffective and void, it was not " vacated or set aside " so as to bring it within the precise terms of subdivision 19 of section 1558 (cf. *Flack* v. *State of New York*, 95 N. Y. 461). We do not therefore find it necessary to pass upon the question of how the value of the mortgage debt claimed to be subject to poundage is to be computed.

The orders appealed from should be affirmed.

BOTEIN, P. J., RABIN, McNALLY, STEVENS and BERGAN, JJ., concur.

Orders unanimously affirmed, with $20 costs and disbursements to the respondent.